IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NIGEL ROBERT SCHULTZ,

                      Plaintiff,

    v.                                          OPINION AND ORDER

ALANA and AMBER,                      25-cv-695-wmc

                      Defendants.

---

Plaintiff Nigel Robert Schultz, a state prisoner who represents himself, has filed a complaint under 42 U.S.C. § 1983, alleging that two health care providers at the Columbia Correctional Institution ("CCI") violated his rights. (Dkt. #1.) He has also filed a proposed amended complaint. (Dkt. #5.) Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one drafted by a lawyer. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still provide facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Applying this standard, the court must dismiss both the original complaint and amended complaint because neither are sufficient to state a claim for relief, but will grant plaintiff another opportunity to amend.

OPINION

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The primary purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his original complaint, plaintiff appears to allege that he did not get "proper treatment" for "Ventricular Tachycardia" upon his arrival at CCI or that care was delayed until "May of 2025." (Dkt. #1, at 2.) He does not provide the date of his arrival, the treatment he requested, or the date he requested it. More importantly, he alleges no facts either identifying the defendants by their full names or positions or specifying *any* involvement on their part in his medical care. This is insufficient to state a claim. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *see also Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (individual liability under § 1983 requires personal involvement, so plaintiff must allege sufficient facts showing that individual personally caused or participated in constitutional deprivation); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (Section 1983 lawsuits "require personal involvement in the alleged constitutional deprivation to support a viable claim."). Plaintiff's amended

complaint is similarly deficient because, other than alleging that he informed "Alana and Amber" that he had "heart issues" on multiple, unspecified occasions, plaintiff again does not describe the treatment he requested or the date it was requested from one of the defendants. (Dkt. #5.)

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file another amended complaint, preferably on one of the court's approved forms for prisoners filing civil actions or similar form available from the prison law library. It must be at least sufficient to provide notice to each defendant of what she is accused of doing, as well as when and where the alleged actions or inactions occurred. Plaintiff is further encouraged to identify each defendant by their full name to the best of his ability. Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Nigel Robert Schultz is DENIED leave to proceed, and his complaint (dkt. #1) and amended complaint (dkt. #5) are DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) The clerk's office is directed to provide plaintiff with a prisoner packet containing a civil rights complaint form.

3) Plaintiff has until **March 6, 2026** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 4th day of February, 2026.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge